**MYSTERY HOUSE, LLC**      \*      NO. 2020-CA-0014

**VERSUS**      \*

                             **COURT OF APPEAL**

**CITY OF NEW ORLEANS**      \*

                             **FOURTH CIRCUIT**

                \*

                             **STATE OF LOUISIANA**

               \* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-03498, DIVISION "F"
Honorable Christopher J. Bruno, Judge
\* \* \* \* \* \*
**Judge Terri F. Love**
\* \* \* \* \* \*

(Court composed of Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge
Regina Bartholomew-Woods)

**LOBRANO, J., CONCURS IN THE RESULT**

Jonah A. Freedman
JONAH FREEDMAN LAW, LLC
700 Camp Street, Suite 316
New Orleans, LA 70130

      COUNSEL FOR PLAINTIFF/APPELLANT


David Patin, Jr.
Assistant City Attorney
City of New Orleans
1300 Perdido St., Suite 5 E03
New Orleans, LA 70112

      COUNSEL FOR DEFENDANT/APPELLEE

                                         **AFFIRMED**

                               **NOVEMBER 25, 2020**

*TFL*

*RBW*

This is an administrative code enforcement case. The City of New Orleans Department of Code Enforcement (the "City") rendered two administrative judgments against a property located at 3900 St. Bernard Avenue on August 21, 2018 and March 25, 2019, arising out of violations of blighted property public health ordinances of the New Orleans City Code. The August 21, 2018 judgment found nine violations and ordered demolition. The March 25, 2019 Daily Fines and Costs Judgment assessed fines totaling $15,205.00. Mystery House, LLC, the adverse possessor, appealed the Daily Fines and Costs Judgment to the Civil District Court for the Parish of Orleans. After a hearing, the district court denied Mystery House's appeal as premature. Mystery House lodged the present appeal of the district court's judgment. Finding the City retained authority to levy daily fines after it ordered demolition, we affirm the City's Daily Fines and Costs Judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The City instituted a code enforcement investigation of 3900 St. Bernard Avenue (the "Property") in 2018. The investigation resulted in an August 21, 2018

1

administrative judgment which found the Property in violation of nine New Orleans City Code ordinances (NOCC).[1] As a result of the violations, the hearing officer assessed a fine of $4,575.00 against the Property. The judgment ordered the abatement of the violations and warned that the Property would incur daily fines, up to a maximum of $500.00 a day, per violation, for each day the violations remained. The judgment also ordered demolition of the Property.[2] The Property owner did not attend the hearing.

On September 24, 2018, Mystery House initiated an adverse possessory action against the Property by filing an Affidavit of Intent to Possess the Property. Thereafter, Mystery House filed an Affidavit of Possession in the Land Records Division of Orleans Parish and took corporeal possession of the Property.

The City inspected the Property on January 25, 2019 to determine if any of the nine violations cited in the August 21, 2018 judgment had been abated. The inspection concluded that they had not. After an updated records search on the

---

[1] The code violations included:

    (1) NOCC Sec. 26-157 (Sanitation)
    (2) NOCC Sec. 26-159 (Sidewalks)
    (3) NOCC Sec. 26-160(a) (Weeds and Plant Growth)
    (4) NOCC Sec. 26-163 (Fences and Walls)
    (5) NOCC Sec. 26-164 (Motor Vehicles)
    (6) NOCC Sec. 26-167(b) (Paint or Protective Treatment)
    (7) NOCC Sec. 26-167(a) (Exterior Surfaces)
    (8) NOCC Sec. 26-171 (Exterior Walls)
    (9) NOCC Sec. 26-181 (Doors)

[2] The August 21, 2018 judgment included the following:

> **IT IS FURTHER ORDERED** based on the aforementioned violations, the facts establish the property unsafe to a person or property; a fire hazard; a hazard to the public health; a public nuisance; dangerous to a person or property because of the violations which justify abatement by demolition, and **DEMOLITION IS ORDERED**.

Property's ownership, the City discovered Mystery House's Affidavit of Possession. The City sent a Notice of Daily Fines Hearing to both Mystery House and the owner advising that a March 25, 2019 hearing had been fixed to address the Property's continued violations. The notices outlined ways to remedy the violations before the hearing.[3]

In advance of the hearing, the City again inspected the Property for any abatement of the violations. The City inspector took several photographs and issued a report documenting that the violations remained.

Mystery House attended the March 25, 2019 hearing. The owner did not attend.[4] The City presented photographic evidence to document the on-going

---

[3] The City's recommended abatement of the violations included the following:

1. NOCC Sec. 26-157 required removal of all trash and debris from the Property.

2. NOCC Sec. 26-159 required the sidewalks of the Property to be maintained in good condition.

3. NOCC Sec. 26-160 required the cutting and removal of weeds and plant growth on the Property.

4. NOCC Sec. 26-163 required fences and walls around the Property to be maintained in good condition.

5. NOCC Sec. 26-164 required the removal or licensure of inoperative motor vehicles found on the Property.

6. NOCC Sec. 26-167(b) required the application of paint or protective treatment to the Property.

7. NOCC Sec. 26-167(a) required the exterior surfaces of the Property to be maintained in good condition.

8. NOCC Sec. 26-171 required the exterior walls of the Property to be maintained in good condition.

9. NOCC Sec. 26-181 required the doors of the Property to be maintained in good condition.

[4] The facts uncovered that the owner was incarcerated.

violations. Mystery House did not present any rebuttal evidence. Instead, Mystery House claimed the City lacked statutory authority to levy daily fines once it had ordered the Property's demolition in the August 21, 2018 judgment. At the hearing's conclusion, the hearing officer levied a Daily Fines and Costs Judgment against the Property for failing to abate any of the outstanding nine code violations. The daily fines totaled $15,205.00.

Mystery House appealed the Daily Fines and Costs Judgment to the Civil District Court for the Parish of Orleans. In opposition, the City filed an exception of no right of action. The City argued that La. R.S. 13:2575 (2013) afforded appeal rights only to an owner or mortgagee of record, not a mere possessor, such as Mystery House. [5]

The district court overruled the City's exception of no right of action, finding that under La. C.C. art. 3423, a possessor is considered a provisional owner of the thing he possesses until the rights of the true owner are established. However, the district court denied Mystery House's appeal as premature. The district court opined:

> While this Court believes that Mystery House has an interest in challenging the code enforcement procedure, its challenge is premature. Mystery House has no obligation to pay any fine or penalty assessed against the property until which time it meets all the criteria under LSA R.S. 9:5633. [6]

---

[5] La. R.S. 13:2575(H) provides, in pertinent part, that:

> Any property owner or mortgagee of record of property determined to be blighted or abandoned property, or any person determined by the hearing officer to be in violation of a public health, housing, fire code, or environmental, or historic ordinance may appeal this determination to the appropriate district court.

4

Mystery House filed the instant appeal of the district court's judgment.

## DISCUSSION

*Standard of Review*

This Court summarized in *Nola Bourbon, LLC v. City of New Orleans*, 2019-0847, pp. 2-4 (La. App. 4 Cir. 1/29/20), 290 So.3d 225, 227–28, the parameters by which appeals are taken from administrative judgments involving violations of city ordinances as follows:

> A party aggrieved by a final agency decision in an adjudication proceeding is entitled to have that decision reviewed initially by the district court of the parish in which the agency is located. La. R.S. 49:964(A)(1) and (B). The district court acts in the capacity of an intermediate appellate court. A party aggrieved by the district court's decision is entitled to appeal to the appropriate appellate court as in other civil cases. La. R.S. 49:965. *When an appellate court reviews the district court's judgment, no deference is owed by the appellate court to the district court's fact findings or legal conclusions, " 'just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. Thus, an appellate court sitting in review of an administrative agency reviews the findings and decision of the administrative agency and not the decision of the district court.' "* *Bourgeois v. Louisiana State Racing Comm'n,* [20] 10-0573, p. 7 (La. App. 4 Cir. 11/12/10), 51 So.3d 851, 856 (quoting *Smith v. State, Dep't of Health and Hospitals*, 39,368, pp. 4-5 (La. App. 2d Cir. 3/2/05), 895 So.2d 735, 739). (Emphasis added).

> The standard of appellate review of an administrative agency's decision is distinct from and narrower than that which applies to ordinary civil and criminal appeals. *Reaux v. Louisiana Bd. of Med. Examiners*, [20] 02-0906, p. 3 (La. App. 4 Cir. 5/21/03), 850 So.2d 723, 726. The exclusive grounds upon which an administrative agency's decision may be reversed or modified on appeal are enumerated in La. R.S. 49:964(G) of the Administrative Procedure Act ("APA"). *Armstrong v. Louisiana State Bd. of Medical*

---

[6] La. R.S. 9:5633(A) (2011) specifies the criteria by which "[o]wnership of an immovable may be acquired by the prescription of three years without the need of just title or possession in good faith."

*Examiners*, [20] 03-1241, pp. 9-11 (La. App. 4 Cir. 2/18/04), 868 So.2d 830, 837-38.

*DMK Acquisitions & Properties, L.L.C. v. City of New Orleans*, [20] 13-0405, p. 8 (La. App. 4 Cir. 9/18/13), 124 So.3d 1157, 1163 (quoting *Clark v. Louisiana State Racing Comm'n,* [20] 12-1049, pp. 9-11 (La. App. 4 Cir. 12/12/12), 104 So.3d 820, 826-27).

Under La. R.S. 49:964(G), a reviewing court may affirm an administrative decision or remand the case for further proceedings; the court may also reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional or statutory provisions;

(2) In excess of the statutory authority of the agency;

(3) Made upon unlawful procedure;

(4) Affected by other error of law;

(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion;

or

(6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court. In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.

*Id.*

The proceedings and findings of an administrative agency are presumed to be legitimate and correct. *Reaux*, 2002-0906, p. 2, 850 So.2d at 726 (citations omitted). The burden of proof is on the appellant to demonstrate any grounds for reversal or modification. *Id.*

### Assignments of Error

Mystery House argues the district court erred in the following respects: (1) declaring that Mystery House's right to appeal the administrative judgment was premature; and (2) failing to vacate the administrative judgment.

Mystery House's first assigned error asserts the district court erred procedurally in denying the appeal on prematurity grounds because the City did not raise the dilatory exception of prematurity; and consequently, the exception was waived and could not be supplied by the district court on its own motion. *See* La. C.C.P. art. 926.[7] Substantively, Mystery House contends its appeal was not premature because no statutory or jurisprudential authority exists that requires an adverse possessor to acquire ownership through acquisitive prescription as a prerequisite to the possessor's right to challenge an administrative judgment.

Upon review, this Court need not consider this assigned error. As established in *Nola Bourbon*, *supra*, appellate review of an agency's administrative judgment does not consider the district court's decision or its legal conclusions. Instead, appellate court review is limited to a review of the findings and decision of the agency in rendering the administrative judgment. Accordingly, the district court's denial of Mystery House's appeal based on prematurity is not before this Court for review in our consideration of the propriety of the City's Daily Fines and Costs Judgment. Thus, this error lacks merit.

---

[7] La. C.C.P. art. 926(B) provides that "[a]ll objections which may be raised through the dilatory exception are waived unless pleaded therein."

7

Mystery House's second assigned error avers that the City lacked authority to render the Daily Fines and Costs Judgment subsequent to the "abatement by demolition" order issued in the August 21, 2018 administrative judgment. Mystery House represents that once the City issued the demolition order, the City made a "codified" choice to seek demolition over abatement of the violations. Mystery House avers that once a demolition order has been rendered, the City cannot assess daily fines because the assessment does not promote public safety and welfare. It urges that the City cannot expect owners to expend thousands of dollars to correct code violations on an "unsafe" and "dangerous" property that has been ordered for demolition. Mystery House emphasizes that no specific NOCC ordinance permits a fine to be levied for failure to demolish. As such, Mystery House concludes that the Daily Fines and Costs Judgment is an excessive fine based on the City's unconstitutional *application* [8] of both La. R.S. 13:2575 and NOCC Sec. 26-232. We disagree.

Mystery House acknowledges that La. R.S. 13:2575 provides the City with the authority to assess civil fines for blighted property [9] and NOCC Sec. 26-232 permits a hearing officer to assess fines for each day a violation continues unabated.[10] However, Mystery House contends that the Daily Fines and Costs

[8] Mystery House represents that its appeal is not a direct challenge to the underlying constitutionality of La. R.S. 13:2575 or NOCC Sec. 26-232.

[9] La. R.S. 13:2575A(1) states, in part, that:

> Any municipality or parish may prescribe civil fines for blighted property, abandoned property, or violation of public health, housing, fire code, environmental, and historic district ordinances in the municipality or parish by owners of immovable property, their agents, tenants, or representatives pursuant to the procedures for administrative adjudication provided in this Chapter.

[10] NOCC Sec. 26-232. –Penalties

8

Judgment exceeds the City's authority as no specific ordinance exists that permits the City to levy a fine for failure to abate a demolition order. Notwithstanding whether an ordinance exists that specifically authorizes daily fines for failure to abate by demolition, Mystery House overlooks that the Daily Fines and Costs Judgment was not rendered against the Property for the owner's failure to demolish the Property, but rather because the nine NOCC violations cited in the August 21, 2018 administrative judgment had not been corrected.

As referenced herein, a reviewing court may reverse or modify an administrative judgment if the administrative findings or decision have prejudiced the appellant because they exceed the statutory authority of the agency. *See Nola Bourbon*, 2019-0847, p. 3, 290 So.3d at 228. Here, Mystery House does not contest that the City has the explicit authority to order the demolition of the Property[11] and the authority to assess daily fines and costs for non-abatement of violations. These statutes were enacted to provide the City with the requisite authority to regulate public health, housing, and environmental regulations. *See Whipple v. City of New Orleans Department of Safety and Permits*, 2020-0111, p. 2 (La. App. 4 Cir. 8/5/20), ---So.3d---, 2020-0111 WL 4499647, *3. Here, on its face, the City's application of the penal measures outlined in La. R.S. 13:2575 or NOCC Sec. 26-232 does not conflict with its express municipal authority to enforce public health and safety ordinances intended to eliminate or mitigate against the deleterious effects of blighted or abandoned property. Mystery House

---

A penalty may be imposed for each violation existing in or upon a premises. The penalty for each noticed violation shall not exceed the maximum provided in Section 6-37. Each day that a violation continues after due notice has been served shall be deemed a separate offense.

[11] NOCC Sec. 26-240 states, in part, that "if, in the opinion of the hearing officer, the facts justify that a building or structure is unsafe, and by reason of its nature or condition endangers the public health, welfare or safety, it may be ordered to be abated by demolition."

cites no binding legal authority that prohibits the City from assessing daily fines for failure to abate on-going violations subsequent to the issuance of a demolition order or moreover, any authority that prohibits the City from assessing fines and ordering demolition. Mystery House's mere declaration that the City exceeded its authority because any attempted abatement of the violations after a demolition order by the offending owner would be a "vain and useless act" is insufficient to show the City exceeded its authority. The question as to whether the City could have executed the demolition order had the nine violations been corrected is not before this Court for review. The undisputed fact is that the evidence offered at the hearing showed that none of the violations were corrected. Hence, in accord with La. R.S. 13:2575 and NOCC Sec. 26-232, the City had authority to render the Daily Fines and Costs Judgment. This assigned error is without merit.

## CONCLUSION

Based on the foregoing reasons, the City's Daily Fines and Costs Judgment is affirmed.

**AFFIRMED**

10